UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BNP PETROLEUM CORPORATION | § | CASE NO. 09-20206 |
| | § | (Chapter 7 Involuntary) |
| DEBTOR. | § | |

### SUBPOENA TO TESTIFY AT A DEPOSITION AND TO PRODUCE DOCUMENTS

TO:   BNP Petroleum Corporation, c/o Marcy Kurtz, Bracewell & Giuliani LLP, 711 Louisiana, Suite 2300, Houston, TX 77002

■ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is not a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Date and Time: |
|---|---|
| Snow Fogel Spence LLP<br>2929 Allen Parkway, Suite 4100<br>Houston, TX 77019 | May 22, 2009 at 10:00 a.m. or such earlier date and time as may be agreed to in writing by the parties. |

The deposition will be recorded by this method: stenographic

■ Production: You must also produce on or before May 19, 2009, or at least three (3) days prior to the deposition, the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material at the office of Snow Fogel Spence LLP, 2929 Allen Parkway, Suite 4100, Houston, TX 77019:

See Exhibit A attached hereto.

---

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45(d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   May 8, 2009

CLERK OF COURT

OR

*[signature]*

Signature of Clerk or Deputy Clerk          Attorney's signature

AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT "A"

### I.

### Definitions and Instructions

The following definitions and instructions shall govern where applicable.

1.  <u>Affiliate</u> as used herein shall have the meaning set forth in 11 U.S.C. § 101(2) and include but are not limited to: *BNP Oil & Gas Properties, Ltd., BNP Exploration Company, BNP Holdings, Ltd., BNP Management, LC, Pagenergy Company, LLC and Black Commercial Holdings, LLC.*

2.  <u>Among</u> as used herein shall mean between or among.

3.  <u>And</u> as used herein shall mean and/or.

4.  <u>Any</u> as used herein shall mean any and all.

5.  <u>BNP</u> or <u>Debtor</u> shall mean BNP Petroleum Corporation.

6.  <u>Communication</u> as used herein shall mean any document, electronic, email, oral statement, meeting, or conference, formal or informal, at any time or place, and under any circumstances whatsoever, whereby information of any nature was stated, written, recorded, or in any manner transmitted or transferred.

7.  <u>Contracts</u> as used herein shall mean any formal or informal obligation, requirement, or agreement of any kind to provide or receive a service or product to or from another Person.

8.  <u>Document</u> as used herein shall mean the original and each non-identical copy (whether different from the original because of marginal notes, or other material inserted therein, or attached thereto or otherwise) of any written or graphic matter, however produced or reproduced, whether sent or received or neither, including drafts and both sides thereof, and including but not limited to: papers, books, letters, correspondence, telegrams, cables, telex messages, memoranda, typed or handwritten notes, emails, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, or of interviews or of conferences or other meetings, maps, charts, plans, specifications, diagrams, photographs, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, Contracts, agreements, ledgers, journals, financial statements, statistical records, desk calendars, appointment books, diaries, expense account records, lists, tabulations, sound recordings, computer printouts, data processing input and output, microfilms, all other records kept by electronic, computer, photographic or mechanical means, and items similar to any of the foregoing.

9.  <u>Evidencing</u> as used herein shall mean proving, indicating, or probative of the existence or nature of.

10. <u>Insider</u> as used herein shall have the meaning set forth in 11 U.S.C. § 101(31) and shall include (but is not limited to) Paul P. Black and Black Commercial Holdings, LLC.

11. <u>Or</u> as used herein shall mean and/or.

12. <u>Organization</u>. Documents are to be produced in the form and order in which they are maintained or kept in your files or possession and must not be shuffled or otherwise rearranged.

13. <u>Person</u> as used herein shall mean and include natural persons, corporations, partnerships, limited liability companies, proprietorships, governmental entities and agencies, estates, trusts, municipalities, or any other forms of organization or association.

14. <u>Petition Date</u> as used herein shall mean April 3, 2009, the date Petitioning Creditors filed an involuntary petition under Chapter 7 of Title 11 of the United States Code.

15. <u>Petitioning Creditors</u> as used herein shall collectively mean Schlumberger Technology Corporation, Baker Hughes Oilfield Operations, Inc. and La Copa Field Services, Inc.

16. <u>Privilege</u> and <u>Immunity</u>. Any document withheld under a claim of privilege or immunity must be identified in a written statement delivered with the document produced, including each of the following:

   (i)   the identity of the author or authors or person or persons by whom the document was written, prepared, recorded or made;

   (ii)  the identity of all persons or entities shown on the document as addressees, carbon copy recipients, or as otherwise receiving or being sent the document;

   (iii) the identity of each person who has seen the document or to whom the document was sent, given, or provided, including the date on which that person saw or received the document;

   (iv)  the employer and title or position of such person or persons;

   (v)   the document's date;

   (vi)  the type of document (e.g., letter, memorandum, or transcript);

   (vii) the document's title;

   (viii) a brief description of the document's subject matter;

   (ix)  the name, title, and present business address or addresses of all persons now having possession, custody or control of the document;

   (x)   the paragraph or portion of this request to which the withheld document relates;

(xi)   the attorney or attorneys and client or clients involved; and

(xii)  the factual and legal basis for the claim of privilege.

17.   <u>Relating to</u> as used herein means consisting of, referring to, reflecting, supporting, prepared in connection with, used in preparation for, or being in any way legally, logically, or factually connected with the matter discussed.

18.   <u>Singular</u> and <u>Plural</u>. Whenever the context requires, terms shall include the plural as well as the singular.

19.   <u>With respect to</u> as used herein shall mean consisting of, referring to, reflecting, supporting, prepared in connection with, used in preparation for, or being in any way legally, logically, or factually connected with the matter discussed.

20.   To the extent that you believe documents responsive to a request for production have previously been produced, identify such documents with particularity, including the date, if any, of the document, the number of pages comprising such document, the individual bates number(s) of such document, and the date that such document or documents were produced.

## II.

### Matters for Examination

1.   The claims of Baker Hughes Oilfield Operations, Inc., Schlumberger Technology Corporation and La Copa Field Services, Inc., and the basis for any objection to such claims or contention on the part of BNP that such claims are in dispute in any way.

2.   The factual basis for any defense(s) or denial(s) asserted by BNP in response to the involuntary petition filed by the Petitioning Creditors (including all amendments and supplements thereto).

3.   The factual basis for adjudication of BNP as an involuntary debtor under chapter 7, including but not limited to, BNP's failure to pay its debts as such debts become due.

4.   The factual basis for the appointment of an interim trustee during the gap period, including but not limited to, BNP's failure to preserve the property of the estate or to prevent loss to the estate.

5.   BNP's current and former relationships (including but not limited to business, contractual and financial) with its Affiliates.

6.   BNP's current and former relationships (including but not limited to business, contractual and financial) with its Insiders.

7.   BNP's organizational structure and operations.

8.   The documents listed in Section III below.

9.      Identification of all documents withheld as privileged, including the factual basis for the privilege asserted.

### III.

### Documents To Be Produced

1.      A copy of all BNP bank account records for the period November 1, 2008 through the present, including the following:

- Bank statements;
- Deposit slips;
- Canceled checks; and
- Wire transfers.

2.      A copy of all invoices received by BNP which were unpaid as of the Petition Date.

3.      All Documents evidencing payment by BNP of any invoice or contractual obligation during the period January 1, 2009 to the present.

4.      A copy of any account payable listing and/or account payable aging reports for the period January 1, 2009 through the present.

5.      Documents evidencing or constituting transfers by BNP during the period January 3, 2009 through the present.

6.      Documents evidencing or constituting transfers by BNP to an Affiliate and/or Insider during the period April 3, 2008 through the present.

7.      Documents evidencing or constituting joint interest billings generated by BNP for operations conducted by BNP.

8.      Documents evidencing the amount owed to BNP by non-operating working interest owners for the period January 1, 2009 to the present.

9.      A copy of any currently outstanding Authorizations for Expenditures (AFE's) or proposed capital expenditures with respect to any well operated by BNP.

10.     Documents evidencing the revenue attributable to any oil and gas interest owned by BNP Oil & Gas Properties, Ltd., which is operated by BNP, during the period January 1, 2009 to the present.

11.     All operating agreements to which BNP is a party.

12.     Documents evidencing all oil and gas properties which are operated by BNP.

13. Documents identifying the owners of working interests and their respective ownership interests in each oil and gas property operated by BNP.

14. All agreements between BNP and any Insider in force or effect at any point during the period January 1, 2009 through the present.

15. All agreements between BNP and any Affiliate in force or effect at any point during the period January 1, 2009 through the present.