IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BNP PETROLEUM CORPORATION | § | CASE NO. 09-20206 |
| | § | (Chapter 7 Involuntary) |
| DEBTOR. | § | |

### EXPEDITED MOTION FOR APPOINTMENT OF INTERIM TRUSTEE

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 20 DAYS OF THE DATE THIS WAS SERVED ON YOU, UNLESS SHORTENED BY ORDER OF THE COURT.[1] YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COME NOW, Baker Hughes Oilfield Operations, Inc., Schlumberger Technology Corporation and La Copa Field Services, Inc. and pursuant to 11 U.S.C. §§ 303(g) and 701 and Bankruptcy Rule 2001 file this Expedited Motion for Appointment of Interim Trustee, and would respectfully show the Court as follows:

#### Procedural Status

1. On April 3, 2009, Baker Hughes Oilfield Operations, Inc., Schlumberger Technology Corporation and La Copa Field Services, Inc ("Petitioning Creditors") filed an Involuntary Petition against BNP Petroleum Corporation ("BNP Petroleum").

---

[1] The movants plan to seek an expedited hearing on this Motion.

2. On April 20, 2009, J.M. Davidson, Inc. filed a Motion to Join in Involuntary Petition as an Additional Petitioning Creditor.

3. On April 20, 2009, T Hunt Inc. d/b/a T & T Construction filed a Motion to Join in Involuntary Petition as an Additional Petitioning Creditor.

4. On April 29, 2009, BNP Petroleum filed a Motion to Dismiss Involuntary Petition.

5. On May 1, 2009, Petitioning Creditors filed a Motion for Leave to File Amended Involuntary Petition, a proposed Order Granting Motion for Leave to File Amended Involuntary Petition and the Amended Involuntary Petition.

### Claims of Petitioning Creditors

6. Baker Hughes Oilfield Operations, Inc. has a pre-petition claim in the principal amount of $563,892.79, exclusive of contractual interest, attorneys' fees and costs in connection with materials and/or services furnished under contract with BNP Petroleum for which Baker Hughes Oilfield Operations, Inc. has not been paid.

7. Schlumberger Technology Corporation has a pre-petition claim in the principal amount of $172,100.37, exclusive of contractual interest, attorneys' fees and costs in connection with materials and/or services furnished under contract with BNP Petroleum for which Schlumberger Technology Corporation has not been paid.

8. La Copa Field Services, Inc. has a pre-petition claim (judgment) in the principal amount of $258,096.40, exclusive of post-judgment interest, attorneys' fees and costs in connection with materials and/or services furnished under contract with BNP Petroleum for which La Copa Field Services, Inc. has not been paid.

## Overview of BNP Petroleum's Business

9.     BNP Petroleum is an oil and gas operating company. BNP Petroleum does not own (to Petitioning Creditors' knowledge) working interests in the oil and gas properties which it operates; rather, BNP Petroleum operates certain oil and gas properties as a "contract operator" for the working interest owners.  Petitioning Creditors are oilfield service companies who furnished materials and/or services under contract with BNP Petroleum for oil and gas operations conducted in Kleburg and Kenedy Counties for which BNP Petroleum failed to pay Petitioning Creditors.  As a contract operator, BNP Petroleum's assets include and are limited to operator fees and funds collected by BNP Petroleum from the non-operating working interest owners for operations conducted on their behalf (joint interest billings).  BNP Petroleum is entitled under a standard form operating agreement to (i) offset production revenues attributable to the working interest of the non-operating working interest owners against unpaid joint interest billings; and (ii) perfect an operator's lien on the non-operating working interest owners' interests to secure payment of joint interest billings.

10.     In addition to BNP Petroleum's failure and inability to pay its debts as such debts become due, including the debts of the Petitioning Creditors, BNP Petroleum has failed to collect the joint interest billings owed by the non-operating working interest owners. Further, one of the non-operating working interest owners, BNP Oil & Gas Properties, Ltd., is an affiliate of BNP Petroleum.  As operator, BNP Petroleum has failed to collect unpaid joint interests billings from BNP Oil and Gas Properties, Ltd. and has further failed to offset BNP Oil and Gas Properties, Ltd.'s production revenues against such unpaid joint interest billings, which has resulted in a continuing loss of the right of recoupment. Further, it does not appear that BNP Petroleum has taken any action to enforce an operator's lien against BNP Oil & Gas Properties, Ltd.'s working

interest or perfect statutory mineral liens. BNP Petroleum has in effect been used to shield BNP Oil & Gas Properties, Ltd. from direct liability for the costs incurred in connection with the drilling and operating of oil and gas leases (including the unpaid materials and/or services furnished by the Petitioning Creditors).

11. In order to preserve the property of BNP Petroleum for the benefit of BNP Petroleum's creditors and to prevent the further loss of uncollected joint interest billings for oil and gas operations conducted by BNP Petroleum (including the materials and/or services furnished by the Petitioning Creditors for which BNP Petroleum has not paid), the Petitioning Creditors seek the appointment of an interim trustee.

## Basis for Appointment of Interim Trustee

12. 11 U.S.C. § 303(g) provides as follows:

> At any time after the commencement of an involuntary case under chapter 7 of this title but before an order for relief in the case, the court, on request of a party in interest, after notice to the debtor and a hearing, and if necessary to preserve the property of the estate or to prevent loss to the estate, may order the United States trustee to appoint an interim trustee under section 701 of this title to take possession of the property of the estate and to operate any business of the debtor. Before an order for relief, the debtor may regain possession of property in the possession of a trustee ordered appointed under this subsection if the debtor files such bond as the court requires, conditioned on the debtor's accounting for and delivering to the trustee, if there is an order for relief in the case, such property, or the value, as of the date the debtor regains possession, of such property.

13. Further, Bankruptcy Rule 2001(a) provides for the appointment of an interim trustee as follows:

> Rule 2001. Appointment of Interim Trustee Before Order for Relief in a Chapter 7 Liquidation Case.
>
> (a) Appointment. At any time following the commencement of an involuntary liquidation case and before an order for relief, the court on written motion of a party in interest may order the appointment of an interim trustee under § 303(g) of the Code. The motion shall set forth the necessity for the appointment and may be

4

granted only after hearing on notice to the debtor, the petitioning creditors, the United States trustee, and other parties in interest as the court may designate.

14. As a result of BNP Petroleum's management's conflict of interest between its duty to collect unpaid joint interest billings from the working interest owners as contract operator and its duties and obligations owed to its creditors, on one hand, and BNP Petroleum's affiliated relationship with BNP Oil and Gas Properties, Ltd. on the other, the appointment of an interim trustee is necessary in this case.

15. An interim trustee should be appointed to (i) take possession of BNP Petroleum's books, records and accounts related to the oil and gas properties operated by BNP Petroleum; (ii) review all joint interest billings sent to non-operating working interest owners of the properties which are operated by BNP Petroleum; (iii) perform an accounting of all amounts collected for such operations; (iv) take all actions necessary to collect all amounts owed to BNP Petroleum for operations conducted on behalf of the non-operating working interest owners, including the offset of production revenues attributable to the working interest of the non-operating working interest owners against unpaid joint interest billings; (v) perfect, maintain and enforce contractual operator's liens to secure such payment; (vi) perfect, maintain and enforce statutory mineral liens; and (vii) operate the subject oil and gas properties. Without the appointment of an interim trustee to exercise such rights and perform the above obligations, the rights of Petitioning Creditors and other parties-in-interest will be severely prejudiced and irreparably harmed.

**WHEREFORE, PREMISES CONSIDERED**, Baker Hughes Oilfield Operations, Inc., Schlumberger Technology Corporation and La Copa Field Services, Inc. respectfully request this Court appoint an interim trustee for the reasons set forth herein and for such other and further relief to which Petitioning Creditors are justly entitled.

Dated: May 8, 2009

Respectfully submitted,

SNOW FOGEL SPENCE LLP

By: /s/ Phil F. Snow
    Phil F. Snow
    State Bar No. 18812600
    2929 Allen Parkway, Suite 4100
    Houston, TX 77019
    (713) 335-4800
    (713) 335-4848 (Fax)

ATTORNEYS FOR SCHLUMBERGER TECHNOLOGY CORPORATION, BAKER HUGHES OILFIELD OPERATIONS, INC. AND LA COPA FIELD SERVICES, INC.

By: /s/ Joel H. Thomas
    Joel H. Thomas
    State Bar No. 00797547
    408 W. Market St.
    P. O. Box 37
    Sinton, TX 78387
    (361) 364-0920
    (361) 364-5625 (Fax)

ATTORNEYS FOR LA COPA FIELD SERVICES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served on the parties listed on the attached service list via the Court CM/ECF system or by regular U. S. Mail, postage prepaid on the 8th day of May, 2009.

/s/ Phil F. Snow
Phil F. Snow

I:\Client\BNPP0001-BNP Split\Pleadings\mtn for appt of trustee.doc