IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 09-20206 |
| BNP PETROLEUM CORPORATION | § | |
| | § | CHAPTER 7 |
| | § | INVOLUNTARY |
| ALLEGED DEBTOR. | § | PETITION PENDING |

## BNP PETROLEUM CORPORATION'S ANSWER TO FIRST AMENDED INVOLUNTARY PETITION

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

BNP Petroleum Corporation ("BNP"), alleged debtor herein, by and through its undersigned counsel, files this Answer to the First Amended Involuntary Petition (the "Answer") pursuant to 11 U.S.C. § 303 in response to the first amended involuntary petition (the "Amended Involuntary Petition") filed with this Court on May 1, 2009 (the "Amended Petition Date") by Baker Hughes Oilfield Operations, Inc., Schlumberger Technology Corporation, and La Copa Field Services, Inc. (collectively, the "Petitioning Creditors"),[1] and in support of the Answer, BNP respectfully states as follows:

## ANSWER

1.  Unless specifically admitted below, BNP generally denies each and every allegation contained in the Amended Involuntary Petition.

2.  BNP admits that on the Amended Petition Date the Amended Involuntary Petition was filed against it by the Petitioning Creditors.

3.  BNP admits that the business address, which appears on the face of the Amended Involuntary Petition is correct.

4. BNP denies that the Petitioning Creditors are eligible to file the Amended Involuntary Petition pursuant to 11 U.S.C. § 303.

5. BNP denies that it is generally not paying its undisputed debts (as to liability or amount) as they become due.

**A.  The Petitioning Creditors do not meet the statutory requirements of 11 U.S.C. § 303**

6. Sections 303(b), (h), and (i) combine to establish at least six requirements for the filing of an involuntary petition: (1) at least three petitioning creditors; (2) the petitioning creditors must hold an aggregate of $13,475.00 in unsecured claims against the alleged debtor; (3) the claims must not be contingent; (4) the claims must not be the subject of a bona fide dispute as to liability or amount; (5) the debtor must generally not be paying its undisputed debts as such debts become due; and (6) the petition must be filed in good faith.  *See* 11 U.S.C. § 303.

7. Compliance with these requirements of section 303 by the Petitioning Creditors is absolutely critical, and the bankruptcy court has broad discretion to compensate an alleged debtor and punish a petitioning creditor if the court determines that the involuntary petition was improperly filed.  11 U.S.C. § 303(i).  The Court should scrutinize the Amended Involuntary Petition carefully because it is an extreme remedy with serious consequences for the alleged debtor, including loss of credit status, business interruption, and public embarrassment.  *See e.g., In re Reid*, 773 F.2d 945, 946 (7th Cir. 1985) (noting that "the filing of an involuntary petition is an extreme remedy with serious consequences to the alleged debtor.").

8. This Court should dismiss the Amended Involuntary Petition because the Petitioning Creditors have failed to meet the requirements of § 303 of the Bankruptcy Code.

---

[1] T Hunt Inc. d/b/a T & T Construction ("Hunt") filed a motion to join in the involuntary petition [Dkt. No. 10].  The Court continued the hearing on Hunt's motion to join to date of the trial on the Involuntary Petition.

Specifically, the Petitioning Creditors' alleged claims are subject to a bona fide dispute and they have failed to provide sufficient evidence to show that BNP is not generally paying its undisputed debts as they come due.

### (i) The Petitioning Creditors have not shown the absence of a bona fide dispute as to liability or amount with regard to their alleged claims

9.      The Petitioning Creditors have the burden of establishing a *prima facie* case that there is no bona fide dispute.  *See Subway Equip. Leasing Corp. v. Sims (In re Sims)*, 994 F.2d 210, 221 (5th Cir. 1993).  The 2005 amendments to the Bankruptcy Code clarify that the claims of petitioning creditors cannot be subject to dispute as to liability or amount.  11 U.S.C. § 303(b).  Moreover, the majority of courts addressing the issue have determined that a bona fide dispute as to any amount or portion of the claim will invalidate the entire claim for purposes of filing an involuntary petition under § 303.  *See Regional Anesthesia Assocs. PC v. PHN Physician Servs. (In re Regional Anesthesia Assocs. PC)*, 360 B.R. 466, 470 (Bankr. W.D. Pa. 2007); *In re Euro-American Lodging Corp.*, 357 B.R. 700 (Bankr. S.D.N.Y. 2007); *In re Bimini Island Air*, 370 B.R. 408 (Bankr. S.D. Fla. 2007); *In re Orlinsky*, 2007 Bankr. LEXIS 1520 (Bankr. S.D. Fla. Apr. 24, 2007); *In re Hentges*, 351 B.R. 758 (Bankr. N.D. Okla. 2006).

10.     A bona fide dispute exists if there is an objective basis for either a substantial factual or a legal dispute as to the validity of the debt.  *See In re Sims*, 994 F.2d at 221.  The Petitioning Creditors have failed to provide sufficient evidence to prove that their alleged claims are not subject to dispute as to liability or amount.  Therefore, the Amended Involuntary Petition should be dismissed.

#### (1) <u>Baker Hughes Oilfield Operations, Inc.</u>

11.    Baker Hughes Oilfield Operations, Inc ("Baker Hughes") alleges that it has a qualifying claim under § 303 against BNP in the amount of $563,892.37 (the "Baker Hughes

Claim"). The Baker Hughes Claim is subject to a bona fide dispute because the amount of the Baker Hughes Claim does not account for various credits and/or offsets that were agreed to by Baker Hughes and BNP under the terms of a settlement agreement (the "Settlement Agreement"). *See* Settlement Agreement, attached hereto as **Exhibit A**. According to paragraphs 3 and 4 of the Settlement Agreement, BNP apparently owes Baker Hughes $568,892.37 plus interest and various attorneys' fees, less credits and/or offsets described in paragraph 3(iii). Despite the fact that BNP is entitled to additional credits and/or offsets, Baker Hughes is asserting a claim for $568,892.37 (an amount that does not account for offsets). Because the Baker Hughes Claim does not include credits and/or offsets to which BNP is entitled under the Settlement Agreement, the Baker Hughes Claim is subject to a bona fide dispute as to the amount of the claim. *See In re Henry*, 52 B.R. 8, 10 (Bankr. S.D. Ohio 1985) (ability of debtor to off-set liability subjects the claim to a bona fide dispute). Although prior to the 2005 BAPCPA amendments courts generally required the off-set to fully or almost fully extinguish the claim in order to create a bona fide dispute, the amendments now make clear that a dispute as to the amount of the claim is a bona fide dispute invalidating the claim under § 303. *See e.g., In re Regional Anesthesia Assocs. PC*, 360 B.R. at 470 (noting that "as a result of the [2005] amendment, any dispute regarding the amount that arises from the same transaction and is directly related to the underlying claim should render the claim subject to a bona fide dispute"). Therefore, because the Baker Hughes Claim is disputed as to amount, Baker Hughes is not eligible to be a petitioning creditor under § 303. Accordingly, the Amended Involuntary Petition should be dismissed.

        (2)     <u>Schlumberger Technology Corporation</u>

12. Schlumberger Technology Corporation ("Schlumberger") alleges that it has a qualifying claim under § 303 against BNP in the amount of $172,100.37 (the "Schlumberger Claim"). The Schlumberger Claim is subject to a bona fide dispute because a portion of the claim is owed by an entity other than BNP. The Schlumberger Claim includes amounts for materials and/or services that were provided by Schlumberger with respect to an oil and gas well that is not owned or operated by BNP. Schlumberger therefore does not qualify as a petitioning creditor under § 303 because at least a portion of the Schlumberger Claim is subject to a bona fide dispute as to liability or amount. *See e.g., In re Regional Anesthesia Assocs. PC*, 360 B.R. at 470.

(3) <u>La Copa Field Services, Inc.</u>

13. La Copa Field Services, Inc. ("La Copa") alleges that it has a qualifying claim under § 303 against BNP in the amount of $258,096.40 (the "La Copa Claim"). La Copa will most likely argue that the La Copa Claim is not subject to a bona fide dispute because La Copa has obtained a default judgment against BNP in the 343rd Judicial District of San Patricio County, Texas in the amount of the $258,096.40. However, BNP has filed a motion to set aside the default judgment, or in the alternative, for a new trial. *See* Motion to Set Aside Judgment, attached hereto as **Exhibit B**. La Copa's default judgment against BNP is not final and should be set aside because BNP was not properly served with La Copa's complaint. La Copa's judgment is being challenged, and therefore the judgment does not provide evidence that the La Copa Claim is undisputed. To the contrary, prior to filing the Amended Involuntary Petition, La Copa should have known that its claim was disputed because in BNP's Motion to Set Aside Judgment, BNP asserted that it had a meritorious defense to the La Copa Claim. *Id.* at ¶ 3.2; *Cf. Adell v. John Richards Homes Bldg Co. (In re John Richards Homes Bldg Co.)*, 439 F.3d 248

(6th Cir. 2006) (noting that the bankruptcy court found that petitioner knew or should have known that his claims were the subject of a bona fide dispute because the debtor had already asserted defenses in response to petitioner's state court complaint).  La Copa is therefore not eligible to be a petitioning creditor under § 303 because it has failed to meet its burden of showing that its claim is not the subject of a bona fide dispute.

(4)   T Hunt d/b/a T&T Construction Corporation

14.   Hunt filed its Motion to Join in the Involuntary Petition on April 20, 2009.  BNP filed its Amended Objection to T Hunt's Motion to Join in Involuntary Petition as Additional Petitioning Creditor [Dkt. No. 41] on May 11, 2009 (the "Objection to Joinder").  The Objection to Joinder is incorporated by reference as if fully restated herein.  For the reasons provided in the Objection to Joinder, Hunt is not eligible to be a Petitioning Creditor.

**(ii)   The Petitioning Creditors have failed to show that BNP is generally not paying its debts as they come due**

15.   The Petitioning Creditors have the burden to establish that BNP was generally not paying its debts as they became due as of the Amended Petition Date.  *In re Xacur*, 219 B.R. 956, 963 (Bankr. S.D. Tex. 1998).  Courts have considered the following factors to determine whether an alleged debtor is generally not paying its debts as they become due: (1) the number of unpaid claims; (2) the amount of such claims; (3) the materiality of the non-payments; and (4) the debtor's overall conduct in its financial affairs.  *See In re Moss*, 249 B.R. 411 (Bankr. N.D. Tex. 2000).  The Petitioning Creditors have failed to provide sufficient evidence that BNP was not generally paying its debts as they became due, and therefore the Amended Involuntary Petition should be dismissed.

## AFFIRMATIVE DEFENSES

16. BNP's debts allegedly owed to the Petitioning Creditors (and those seeking to join the Amended Involuntary Petition) are disputed as to liability and/or amount.

17. BNP is generally paying its debts as they become due.

## RECOVERY OF COSTS AND ATTORNEYS' FEES

18. Upon dismissal of the Amended Involuntary Petition, BNP is entitled to recover from the Petitioning Creditors its costs and reasonable attorneys' fees pursuant to 11 U.S.C. § 303(i). Section 303(i) provides in relevant part:

> (i) if the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment –
> (1) against the petitioners and in favor of the debtor for –
> (A) costs; or
> (B) a reasonable attorney's fee.

11 U.S.C. § 303(i).

19. BNP therefore seeks recovery of all costs and reasonable attorneys' fees.

## PRAYER

WHEREFORE, BNP respectfully requests that the Court: (1) dismiss the Amended Involuntary Petition; (2) enter an order denying the relief sought by the Petitioning Creditors in all respects; (3) grant an award against the Petitioning Creditors in favor of BNP for its costs and reasonable attorneys' fees pursuant to 11 U.S.C. § 303(i); and (4) grant BNP such further and other relief as is equitable and just.

Respectfully submitted,

**BRACEWELL & GIULIANI LLP**

By: /s/ Marcy E. Kurtz
Marcy E. Kurtz
Texas Bar No. 11768600
Marcy.Kurtz@bgllp.com
Chris S. Tillmanns
Texas Bar No. 24060730
Chris.Tillmanns@bgllp.com
711 Louisiana, Suite 2300
Houston, Texas 77002
Telephone:    (713) 223-2300
Facsimile:    (713) 221-1212

**ATTORNEYS FOR
BNP PETROLEUM CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served on the parties listed in the attached Service List via electronic means as listed on the court's ECF noticing system or by regular U. S. First Class Mail on this 20th day of May, 2009.

By: /s/ Marcy E. Kurtz
Marcy E. Kurtz

# BNP PETROLEUM CORPORATION
# SERVICE LIST

BNP Petroleum Corporation
500 N. Water Street, Suite 300
Corpus Christi, TX 78471

Baker Hughes Oilfield Operations, Inc.
c/o Christopher J. Ryan
PO Box 4740
Houston, TX 77210-4740

Schlumberger Technology Corporation
Attn: James M. Sczudlo
1325 S Dairy Ashford
Houston, TX 77077

Phil F Snow, Jr
Snow Fogel Spence LLP
2929 Allen Parkway, Suite 4100
Houston, TX 77019
Email: philsnow@snowfogel.com
**Attorney for Baker Hughes Oilfield Operations, Inc. and Schlumberger Technology Corporation**

La Copa Field Services, Inc.
500 W. Fulton
Sinton, TX 78387

Joel Hughes Thomas
408 W. Market St.
Sinton, TX 78387
Email: jhtlaw1@sbcglobal.net
**Attorney for La Copa Field Services, Inc.**

United States Trustee
606 N Carancahua
Corpus Christi, TX 78476

Scott T. Citek
Lamm & Smith, P.C.
3730 Kirby Drive, Suite 650
Houston, Texas 77098
**Attorney for Roywell Services Inc.**

Eric M. English
King & Spalding LLP
1100 Louisiana, Suite 4000
Houston, TX 77002
Email: eenglish@kslaw.com
**Attorney for Valerus Compression Services, LP**

W. Lee Keeling
Walker Keeling & Carroll LLP
P.O. Box 108
Victoria, TX 77902-0108
Email: lkeeling@wkcfirm.com
**Attorneys for NBC Oilfield Equipment Inc.**

Diane W. Sanders
Linebarger Goggan Blair & Sampson, LLP
The Terrace II
2700 Via Fortuna Dr, Ste 400
P.O. BOX 17428
Austin, TX 78760-7428
Email: austin.bankruptcy@publicans.com
**Attorney for Kenedy County, Kleburg County & Nueces County**

Richard R. Stedman, II
Sessions, Fishman, Nathan &Israel, L.L.P.
3850 N. Causeway Blvd., Suite 200
Metairie, LA 70002-7227
Email: rstedman@sessions-law.biz
**Attorney for H.B. Rentals, LC; Warrior Energy Services Corporation; and Stabil Drill Specialties, LLC**

Kevin M. Maraist
Anderson Lehrman Barre & Maraist, LLP
Gaslight Square
1001 Third Street, Ste. 1
Corpus Christi, TX 78404
Email: kmaraist@albmlaw.com
**Attorney for Exterran Energy Solutions, LP**

-2-

| | |
|---|---|
| Gerald C. DeLaunay<br>Perrin, Landry, deLaunay, Dartez & Ouellet<br>225 La Rue France<br>Lafayette, LA 70508<br>**Attorney for Timco Services Inc.** | Steven P. Vangel<br>Sara M. Banks<br>Hill Rivkins & Hayden LLP<br>712 Main Street, Suite 1515<br>Houston, TX 77002<br>**Attorneys for SCOMI Oiltools, Inc.** |
| Joel H. Thomas<br>Molly P. Thomas<br>408 West Market Street<br>P. O. Box 37<br>Sinton, Texas 78387<br>**Attorney for T Hunt Inc. D/B/A T & T Construction and J. M. Davidson, Inc.** | John Ely<br>Ewing & Jones PLLC<br>6363 Woodway, Suite 1000<br>Houston, TX 77057<br>**Attorney for Mustang Gas Compression LLC** |
| Henry J. Kaim<br>King & Spalding LLP<br>1100 Louisiana, Suite 4000<br>Houston, TX 77002<br>HKaim@kslaw.com<br>**Attorney for Seashore Investment Management Trust** | |
| Jeffrey J. Cotner<br>John S. Black<br>Gibbs & Bruns LLP<br>1100 Louisiana, Suite 5300<br>Houston, TX 77002<br>jcotner@gibbs-bruns.com<br>jblack@gibbs-bruns.com<br>**Attorney for Seashore Investment Management Trust** | |
| Ronald A. Simank<br>SCHAUER & SIMANK, P.C.<br>615 North Upper Broadway,<br>Suite 2000-MSC 159<br>Corpus Christi, TX 78477<br>**Attorney for Texas Energy Services LP And Forbes Energy Service LLC** | |