IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In re | § | |
| | § | |
| BNP PETROLEUM CORPORATION | § | Case No. 09-20206 |
| | § | (Chapter 11) |
| Debtor. | § | |

**MOTION OF SEASHORE INVESTMENT MANAGEMENT TRUST
FOR EMERGENCY HEARING ON THE MOTIONS OF
SEASHORE INVESTMENT MANAGEMENT TRUST (I) FOR STAY/ABSTENTION IN
FAVOR OF PENDING ARBITRATION AND (II) TO LIFT AUTOMATIC
STAY TO ADD DEBTOR AS PARTY TO PENDING ARBITRATION**
(this relates to Docket Nos. 184 & 185)

Seashore Investment Management Trust ("Seashore"), a creditor and party-in-interest in this bankruptcy case, pursuant to Local Bankruptcy Rule 9013, files its *Motion of Seashore Investment Management Trust for Emergency Hearing on Motion of Seashore Investment Management Trust (I) For Stay/Abstention in Favor of Pending Arbitration and (II) to Lift the Automatic Stay to Add Debtor as a Party to Pending Arbitration* (the "Emergency Motion"). In support thereof, Seashore respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over these cases and this matter pursuant to 28 U.S.C. §§ 157(b) and 1334. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**BASIS FOR AN EMERGENCY HEARING**

2. Pursuant to Local Bankruptcy Rule 9013(i) which requires a party requesting an emergency hearing to "include a detailed statement why an emergency exists and the date relief is needed to avoid the consequences of the emergency." files this Motion requesting emergency hearings on August 25, 2009 because of pending hearings in this case on that day which directly

affect these matters. Not hearing interrelated matters at the same time could substantially prejudice Seashore and other parties.

3. An arbitration proceeding, initiated by Paul Black, the Debtor and other of his entities is currently pending before the American Arbitration Association ("AAA"), which includes the same parties. *PBF Investments v. Toby Shor and Seashore Investments Trust,* AAA Arbitration No. 70-198-161-09 (AAA Dallas, TX) (the "Arbitration"). The extent of Seashore's rights and ownership interests in oil and gas interests owned by non-debtor BNP Oil and Gas Properties Ltd. ("BNP Properties") is at the heart of the issues pending in the Arbitration. Based on the clear statutory and case law governing this issue, Seashore has just filed a Motion for Stay/Abstain in Favor of Pending Arbitration (the "Abstention Motion") and a Motion to Lift Automatic Stay to Add Debtor as a Party to Pending Arbitration (the "Lift Stay Motion").

4. For tactical reasons, including an attempt to end-run the Arbitration, this case is moving at a frantic pace. Currently set for hearings before this Court on August 25, 2009, at 9:30 a.m. are the final hearing on the Debtor's DIP financing along with a hearing on the Debtor's motion to approve bid procedures and to sell assets (Docket No. 156) (the "Bid Procedures Motion"). The DIP financing and the sale process is all part of an overall scheme by Paul Black to strip away certain of BNP Properties mineral interests in derogation of Seashore's rights and determination by the arbitration panel.

5. The DIP financing and Bid Procedures Motion clearly overlap with Seashore's Abstention Motion and Lift Stay Motion. The Debtor's pleadings request a quick sales process to approve Black's pre-arrangement with Blackgate Resources, Inc. ("Blackgate") in which Blackgate will be both the DIP lender and proposed purchaser. Notably, the assets at the center of the Bid Procedures Motion and for which the DIP is being provided, are the same non-debtor

assets that are before the pending Arbitration.  While the Debtor's initial pleadings, along with Black's "first day" affidavit were not clear suggesting that the insider transfer by Black from BNP Properties to the Debtor had already occurred, the Debtor's Bid Procedures Motion clarifies that the insider transfer has not yet taken place.  Thus, at the time of the filing of the Bid Procedures Motion and at the August 25 hearings, the Debtor is seeking Court approval for bid procedures to market and sell assets that the Debtor currently does **not** own and which non-debtor assets are part of Arbitration!  Remarkably, and without citation to any authority, Black, through the Debtor, seeks this Court's partial intrusion of the Arbitration by asking for this Court to somehow approve non-debtor BNP Properties insider transfer to the Debtor as part of the Debtor's proposed sale to Blackgate.  Again, before non-debtor BNP Properties can properly make any transfer, Seashore's rights, claim and ownership interests will have to be decided in the Arbitration.

6. Accordingly, Seashore's Abstention Motion and Lift Stay Motion need to be heard concurrently with the DIP motion and the Bid Procedures Motion on August 25, 2009.

7. Since the Court is already conducting hearings on that day with regard to the DIP motion and Bid Procedures Motion, neither the Debtor nor the other interested parties will be prejudiced by having all interrelated matters heard at the same time.

## CONCLUSION

WHEREFORE, Seashore requests a Court order (i) setting an emergency hearing on Seashore's Motion to Stay/Abstain in Favor of Pending Arbitration and its Motion to Lift Stay to Add Debtor as a Party to the Arbitration on **August 25, 2009, at 9:30 a.m.** and (ii) such other and further relief as the Court may deem just and proper.

Respectfully submitted this 18th day of August 2009.

        **KING & SPALDING, LLP**

       By: /s/ Henry J. Kaim
          Henry J. Kaim
          Texas Bar No. 11075400
          HKaim@kslaw.com
          Mark W. Wege
          Texas Bar No. 21074225
          MWege@kslaw.com
          Edward L. Ripley
          Texas Bar No. 16935950
          Eripley@kslaw.com
          1100 Louisiana, Suite 4000
          Houston, Texas  77002
          Telephone:  (713) 751-3200
          Fax: (713) 751-3290

          **ATTORNEYS FOR SEASHORE**
          **INVESTMENT MANAGEMENT TRUST**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been served via electronic mail on August 18, 2009, to the parties on the ECF service list.

                                                                         /s/ Edward L. Ripley_____
                                                                           Edward L. Ripley