IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In re | § | |
| | § | |
| BNP PETROLEUM CORPORATION | § | Case No. 09-20206 |
| | § | |
| Debtor. | § | Chapter 11 |

**FORBES ENERGY SERVICES LLC, GENESIS WELL SERVICE, AND TEXAS ENERGY SERVICES LP RESPONSE AND OBJECTION TO THE JOINT MOTION OF SEASHORE INVESTMENT MANAGEMENT TRUST AND HECTOR CANALES, AS TRUSTEE FOR THE BLACK CHILDREN'S INDEPENDENT TRUST, FOR APPOINTMENT OF A CHAPTER 11 TRUSTEE**

(Response and Objection to Docket No. 140)

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

NOW COMES, **FORBES ENERGY SERVICES LLC** ("Forbes"), **GENESIS WELL SERVICE**, ("Genesis") and **TEXAS ENERGY SERVICES** LP ("TES") ("Respondents") and file this Response and Objection to the Joint Motion of Seashore Investment Management Trust ("Seashore") and Hector Canales, ("Canales") (collectively "Movants") as Trustee for the Black Children's Independent Trust for the appointment of a Chapter 11 Trustee, and for cause would show the Court as follows:

I.

1.   Respondents are trade creditors of the Debtor who have filed mineral liens under Tex. Prop. Code §56.002 et. seq.  Respondents claim the rights of secured creditors in the leasehold interest owned by the Debtor.  Respondents performed work on wells located in Kleberg, Jackson and Kenedy Counties, Texas.  Forbes is owed $739,220.81 in secured claims and $181,423.53 in unsecured claims. Genesis is owed $240,034.22 in secured claims. Texas Energy is owed $319,294.55 in secured claims and $14,167.76 in unsecured claims.

2.   On August 11, 2009 Seashore and Canales filed a Motion to Appoint a Trustee to handle the affairs of the Debtor in this Chapter 11 proceeding.  Seashore and the related Black entities

are currently involved in protracted litigation which concerns the interest of Toby Shor in properties that the Debtor operates.

3.  Respondents file this response to the Motion to Appoint a Trustee field by the Movants:

   A.  Respondents admit the allegations contained in Paragraph 1 of the Motion.

   B.  Respondents do not have sufficient information to either admit or deny the allegations contained in Paragraphs 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, and 18 of the Motion, and would at this time deny the allegations.

   C.  Respondents admit the allegations contained in Paragraphs 19, 20, 21, 22, 23, 24, 25, 26, 27 and 28 of the Motion.

   D.  Respondents do not have sufficient information to either admit or deny the allegations contained in Paragraphs 29, 30, 31, 31, 32, 33, 34, 35 and 36 of the Motion, and would at this time deny the allegations.

   E.  Paragraphs 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, and 52 do not contain factual allegations to either admit or deny, containing only a request for relief and argument.

II.

OBJECTION TO THE APPOINTMENT OF A TRUSTEE

4.  Respondents do agree with the Movants that Black needs to address questions concerning certain pre-conversion transactions involving the Debtor and certain affiliated companies. While these transactions are material and must be adequately addressed, Respondents believe it is in the best interest of the bankruptcy estate that the Debtor continue its responsibilities as a Debtor in possession due to the complexities of operating oil and gas properties in an environmentally sensitive area.  The Debtor is familiar with these requirements and seems capable in discharging those responsibilities in the most cost effective manner.

5.  Respondents contend that appropriate safeguards are in place in this Chapter 11 proceeding that eliminate the need for a trustee.  On August 18, 2009, an unsecured creditors

committee was appointed in this case. Respondents anticipate that the committee and their counsel will take an active role in this case and bring to bear sufficient pressure on the Debtor to investigate, and if necessary, to initiate litigation to recover potential claims involving insiders of the Debtor and to offer oversight on any significant transactions proposed by the Debtor.

6. Respondents also believe the appointment of a trustee will unnecessarily slow down the reorganization process and add another layer of administrative expenses to the estate. While Respondents will object to the current Asset Purchase Agreement with Blackgate, Respondents do believe that it makes sense that the property be sold sooner rather than later, provided the property is adequately marketed. It is doubtful that a trustee appointed by the Court will be able to move quickly enough to authorize a sale of the property without significant delays. Respondents also believe that a sale of the assets allow the best means to fund a plan of reorganization. A trustee would no doubt take weeks to come up to speed as it concerns the Debtor's operations. This time may have a significant impact on the Debtor's operations that involve producing wells and leases that are held by production.

7. Respondents believe the better course is to continue with the Debtor in possession and proceed with a sale of the property. After the sale, in the event that the Debtor has not taken steps to adequately investigate and, if necessary, initiate actions involving insider claims, the Court should revisit appointing a trustee.

WHEREFORE, PREMISES CONSIDERED, Respondents pray that the Joint Motion of Seashore Investment Management Trust and Hector Canales, as Trustee for the Black Children's Independent Trust, for appointment of a Chapter 11 Trustee be denied and for such other and further relief to which they may be entitled.

          Respectfully submitted,

          SCHAUER& SIMANK, P.C.
          615 North Upper Broadway, Suite 2000-MSC 159
          Corpus Christi, Texas 78477
          361-884-2800
          361-884-2822 (FAX)

By: /s/     *Ronald A. Simank*

      Ronald A. Simank
      State Bar No. 18359400
      Federal Admission No. 0359

ATTORNEYS FOR CREDITORS
**FORBES ENERGY SERVICES LLC, GENESIS WELL SERVICE,  AND TEXAS ENERGY SERVICES LP**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 21st day of August, 2009, a true and correct copy of the foregoing document has been served by electronic service for each person requesting such notice under the ECF system for the U.S. Bankruptcy Court, Southern District of Texas, in the above referenced case.

                                          /s/   <u>Ronald A. Simank</u>
                                                   Ronald A. Simank