UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BNP PETROLEUM CORPORATION | § | CASE NO. 09-20206 |
| | § | |
| Debtor. | § | Chapter 11 |

**APPLICATION FOR AN ORDER PURSUANT TO SECTION 327(a)
OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND
RETENTIONOF OKIN ADAMS & KILMER LLP AS COUNSEL FOR THE
<u>OFFICIAL COMMITTEE OF UNSECURED CREDITORS</u>**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY WITHIN TWENTY DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING UNLESS YOU DID NOT RECEIVE THIS NOTICE IN TIME TO DO SO. IN THAT SITUATION, FILE YOUR RESPONSE AS SOON AS POSSIBLE. IN ADDITION TO FILING YOUR RESPONSE WITH THE CLERK, YOU MUST GIVE A COPY OF YOUR RESPONSE TO THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, the Official Committee of Unsecured Creditors (the "*Committee*"), appointed in the above-referenced bankruptcy case, by and through its proposed counsel, and hereby submits this application (the "*Application*"), pursuant to Sections 327, 328 and 1103 of title 11 of the United States Code (the "*Bankruptcy Code*") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), for entry of an order authorizing the employment and retention of Okin Adams & Kilmer LLP ("*Okin Adams & Kilmer*") as counsel to the Committee, and in support hereof, respectfully states as follows:

# I.
# JURISDICTION

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

# II.
# BACKGROUND

2. On April 3, 2009 (the "*Petition Date*"), an involuntary petition (the "Involuntary Petition") was filed against BNP Petroleum Corporation (the "*Debtor*") in the United States Bankruptcy Court for the Southern District of Texas, Corpus Christi Division.

3. On August 5, 2009, the Debtor filed a Consent to Entry of Order for Relief, consenting to an order for relief under Chapter 7 of the Bankruptcy Code. The Debtor also filed a Motion to Convert its case under Chapter 11 of the Bankruptcy Code (the "*Motion to Convert*").

4. On August 7, 2009, the Court entered an order for relief under Chapter 7 of the Bankruptcy Code. The Court also entered an order granting the Motion to Convert. This case is now pending as a Chapter 11 case.

5. On August 18, 2009, the Office of the United States Trustee appointed an official committee, comprised of five creditors, to represent the interests of unsecured creditors of the Debtor pursuant to section 1102 of the Bankruptcy Code.

6. The Committee selected Okin Adams & Kilmer because its attorneys have substantial experience and knowledge in the field of debtors' and creditors' rights and because its attorneys have handled numerous bankruptcy cases. Accordingly, the Committee believes that Okin Adams & Kilmer is well qualified to represent it in these proceedings.

## III.
## RELIEF REQUESTED

7. By submission of this Application, the Committee requests that the Court enter an order authorizing the Committee to employ and retain Okin Adams & Kilmer, as of August 21, 2009, the date of the Committee's selection of Okin Adams & Kilmer to serve as its counsel.

## IV.
## BASIS FOR RELIEF

8. Okin Adams & Kilmer has extensive experience in the fields of corporate reorganization and bankruptcy law, and is particularly well qualified for the type of representation which is required by the Committee. Okin Adams & Kilmer is a law firm with a broad-based practice, having substantial experience representing unsecured creditor committees. Accordingly, Okin Adams & Kilmer possesses the requisite expertise and background to handle matters that are likely to arise in this bankruptcy case.

9. Upon approval of the Application, Okin Adams & Kilmer will render the following legal services to the Committee:

    a) advise the Committee with respect to its rights, powers, and duties in this case;

    b) assist and advise the Committee in its consultations with the Debtor relative to the administration of this case;

    c) assist the Committee in analyzing the claims of the Debtor's creditors and in negotiating with such creditors;

    d) assist the Committee's investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtor and of the operation of Debtor's business;

    e) advise and represent the Committee in connection with administrative matters arising in this case, including the obtaining of credit, the sale of assets, and the rejection or assumption of executory contracts and unexpired leases;

    f)    assist the Committee in its analysis of, and negotiation with, the Debtor, or any third party concerning matters related to, among other things, the terms of a chapter 11 plan for the Debtor;

    g)    assist and advise the Committee with respect to its communications with the general creditor body regarding significant matters in this case;

    h)    review, analyze and respond as necessary to all applications, motions, orders, statements of operations and schedules filed with the Court, and advise the Committee as to their propriety;

    i)    assist the Committee in evaluating, and pursuing if necessary, claims and causes of action against the Debtor's secured lender(s) or other parties;

    j)    assist the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives; and

    k)    represent the Committee at all hearings and other proceedings, and perform such other legal services as may be required and are deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code.

10. The Committee requests that all legal fees and related costs incurred by the Committee on account of services rendered by Okin Adams & Kilmer in this case be paid as administrative expenses of the Debtor's estate in accordance with the Bankruptcy Code and applicable orders entered in this case. Subject to the Court's approval, Okin Adams & Kilmer will charge for its legal services on an hourly basis, billed in tenths-of-an-hour increments, in accordance with its hourly rates in effect on the date such services are rendered.

11. Okin Adams & Kilmer's billing rates for attorneys for the 2009 calendar year range from approximately $175 per hour for associates to $350 per hour for partners. Time devoted by legal assistants for the 2009 calendar year is charged at a billing rate of $95 to $110 per hour. Okin Adams & Kilmer will maintain detailed records of any actual and necessary costs incurred in connection with the aforementioned legal services. Okin Adams & Kilmer intends to apply to the Court for compensation and reimbursement of expenses in accordance with

applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "*Local Rules*"), but, pending such applications, Okin Adams & Kilmer requests payment of its fees and expenses in accordance with any interim compensation procedures order approved by the Court.

12. The names, positions, and hourly rates for the 2009 calendar year of the Okin Adams & Kilmer professionals presently expected to be responsible for providing services to the Committee are Matthew S. Okin—partner ($350/hour), Christopher Adams—partner ($325/hour), and Renee Moxley—associate ($175/hour). In addition, from time to time, it may be necessary for other Okin Adams & Kilmer professionals to provide services to the Committee.

13. The Committee is requesting that this Application be approved retroactively to August 21, 2009, the date the Committee selected Okin Adams & Kilmer to be its counsel. Courts have a range of discretion in granting retroactive approval of professional appointment applications. *In re Powers*, 93 B.R. 513, 516 (Bankr. S.D. Tex. 1988). Here, the Committee's attorneys needed to immediately familiarize themselves with this chapter 11 case to address pending matters.

14. Pursuant to Bankruptcy Rule 2014(a), the declaration of Christopher Adams is attached hereto as Exhibit "A." Except as may be stated herein and in the declaration of Mr. Adams, Okin Adams & Kilmer, to the best of the Committee's knowledge, (i) does not represent any other entity in connection with this case, (ii) is "disinterested" as that term is defined in section 101 of the Bankruptcy Code, and (iii) does not represent or hold any interest adverse to the interest of the Debtor's bankruptcy estate with respect to the matters for which it is to be employed. In addition, neither Okin Adams & Kilmer nor its attorneys have any connections

with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

15. Okin Adams & Kilmer has not entered into any agreements to share compensation as may be awarded to it for services rendered in this case, except as permitted under section 504(b) of the Bankruptcy Code.

## V.
## PRAYER

WHEREFORE, the Committee respectfully requests that the Court: (a) authorize the Committee, pursuant to section 1103 of the Bankruptcy Code and Bankruptcy Rule 2014, to employ and retain Okin Adams & Kilmer LLP in accordance with the terms hereof, effective as of August 21, 2009; and grant such other and further relief as the Court may deem just and proper.

Dated:  August 26, 2009

**MEMBERS OF THE
OFFICIAL COMMITTEEOF UNSECURED
CREDITORS OF BNP PETROLEUM CORPORATION.**


By: */s/ Steven Vangel*_____
**STEVEN VANGEL, COMMITTEE CHAIRPERSON
SCOMI OILTOOLS, INC.**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 26, 2009 I served a copy of the foregoing via the Court's EM/ECF electronic system to all parties consenting to service through same, and to all parties on the attached service list by United States First Class Mail, postage prepaid.

                                      */s/ Christopher Adams*_____
                                      Christopher Adams