## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| BNP PETROLEUM CORPORATION | § | CASE NO. 09-20206 |
| Debtor | § | Chapter 11 |

### RESPONSE TO MOTION TO APPOINT A TRUSTEE AND JOINDER BY CWC LP TO MOTION TO APPOINT TRUSTEE

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

CWC LP represents:

1.      A chapter 11 trustee is warranted under 11 USC 1104 and shall be appointed "at any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing

(1)      for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor;

(2)      if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or

(3)      if grounds exist to convert or dismiss the case under section but the court determines that the appointment of a trustee or an examiner is in the best interests of creditors and the estate."

2.      If the Court finds insufficient grounds to appoint a trustee, §1104 continues, then the Court "shall order the appointment of an examiner to conduct such an investigation of the debtor as is appropriate, including an investigation of any allegations of fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor of or by current or former management of the debtor, if:

     (1)     such appointment is in the interests of creditors, any equity security holders, and other interests of the estate; or

     (2)     the debtor's fixed, liquidated, unsecured debts, other than debts for goods, services, or taxes, or owing to an insider, exceed $5,000,000.

3.     Grounds certainly exist for the appointment of a trustee or an examiner.

Facts Supporting the Appointment of a Trustee or Examiner

4.     *Disclaimers:* The Debtor's "Global Notes" and disclaimers should concern the Court. The effect of the disclaimer is to, effectively, be a "Kings X" with respect to the information to be disclosed in the Debtor's schedules and statement of financial affairs. Such a disclaimer is a red flag because of Mr. Black's involvement with the Debtor and, as described below, the care with which the schedules and statement of financial affairs were prepared. The professed need for the disclaimer is evidence of the "fraud (if any), dishonesty, or incompetence of gross mismanagement by the Debtor's current management".

5.     Is the disclaimer necessary? Exhibit "A" is a copy of a portion of the rough draft of Paul Black's 2004 examination. Pages 73 through 76 of Exhibit A indicate that he, using his recollection, and in consultation with his bookkeeper prepared the schedules and statement of financial affairs. To permit a disclaimer of the type prepared by the Debtor in this case is against public policy. It eliminates the obligation of the Debtor (and, if allowed and used, of every debtor), to perform the necessary due diligence to prepare accurate and complete schedules and statement of financial affairs. The disclaimer is not necessary. Why, then, was it provided?

6.     Is the disclaimer accurate? It seems not.

7.   *Insiders:*   Paragraph 6 of the Disclaimer states:

> Where the Schedules or Statement require information concerning officers, directors or insiders, included therein are the Debtor's (a) directors (or persons in similar positions) and (b) employees that are, or were during the relevant period, officers (or persons in control). Employees may have been included in this disclosure for informational purposes only and are not necessarily "insiders" as defined in § 101(31) or as otherwise defined by applicable law, including without limitation, any state or federal securities law. The listing of a party as an insider is not intended to be nor should it be construed as a legal characterization of such party as an insider, nor should it be construed as an admission that such party is an insider, all such rights claims and defenses being reserved.

Why must the Debtor disclaim its schedule of transfers to insiders? Can't Mr. Black identify the individuals who are insiders? It is not as if Mr. Black is new to the Debtor, or that he and the Debtor have not had counsel throughout this case. With help of counsel, he can identify those who meet the definition of "insiders" (including affiliates) provided for in the bankruptcy code. Mr. Black can identify insiders. His refusal to do so without the "cover" of the disclaimer indicates his lack of interest in providing truthful and carefully prepared schedules – a breach of his duties as the person in control of this Debtor. It is additional evidence of the "fraud (if any), dishonesty, incompetence, or gross mismanagement by the Debtor's current management".

8.   *Intercompany Receivables:*   Paragraph 9(c) of the Disclaimer states:

> The Debtor maintains a consolidated cash management system, whereby all funds flow up and through BNP Petroleum Corporation in the ordinary course of business. These transfers to, and payments by, BNP Petroleum Corporation create intercompany receivables, a detailed list of which would be unduly burdensome and cost prohibitive to provide. Intercompany payables and receivables are provided in the relevant Schedules.

One need for accurate "intercompany debates" is axiomatic. If the "consolidated cash management system" is so inadequate so as to not be able to create a detailed list of intercompany receivables, then the Debtor's current management is, at best, grossly incompetent. However, notwithstanding the disclaimer, the Debtor does, in fact, provide

a list of "intercompany payables and receivables". These contradictory statements in the disclaimer are additional evidence of the "fraud (if any), dishonesty, incompetence, or gross mismanagement by the Debtor's current management".

9. *Inadequate Marketing:* The proposed purchase and sale agreement contains a provision at paragraph 8.3 that prohibits the Debtor from attempting to find competing bids until such time as an order approving bidding procedures is approved. Such a provision may be appropriate where the Debtor has engaged in an extensive marketing campaign prior to entering into the Purchase and Sales Agreement. However, minimal marketing has been done for this Debtor's assets. Furthermore, the Debtor does not seem to care whether there is a legitimate comprehensive marketing plan for the Debtor's assets and, why should he? He gets a consulting agreement from the buyer and he may not get any offers to be a consultant from other buyers. See pages 89 though 94 of Exhibit A.

10. Based upon the above stated facts and more that are not set forth above but may be presented at a hearing, a chapter 11 trustee or examiner should be appointed. Such an appointment does not have to be in the best interest of creditors; it only must be "in the interests of creditors". 11 USC § 1104(c)(2).

WHEREFORE, CWC LP prays that the Court appoint a chapter 11 trustee or an examiner and grant CWC LP such other and further relief, in law and in equity, as is just.

Respectfully submitted,

By: _____

Dunn, Neal & Gerger, L.L.P.
Alan S. Gerger
SBN 07816350
Christina L. Garcia
SBN 24055522
3050 Post Oak Blvd., Suite 400
Houston, Texas  77056
(713) 403-7400 Phone
(713) 960-0204 Fax

ATTORNEYS FOR CWC LP

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served upon the parties shown on the attached service list on August 26, 2009 either electronically by the clerk of the court or by United States first class mail, postage prepaid.

Christopher Shannon Tillmanns
Marcy E Kurtz
711 Louisiana, Suite 2300
Houston, Texas 77002

United States Trustee
606 N. Carancahua
Corpus Christi, Texas 78476

By: _____
Alan S. Gerger