**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **BNP PETROLEUM CORPORATION** | § | **CASE NO. 09-20206** |
| | § | |
| **Debtor.** | § | **Chapter 11** |

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTOR'S EMERGENCY MOTION FOR FINAL ORDER (I) AUTHORIZING DEBTOR TO INCUR POST-PETITION DEBT PURSUANT TO BANKRUPTCY CODE SECTION 364(C), (II) APPROVING USE OF CASH COLLATERAL, (III) GRANTING LIENS AND SECURITY INTERESTS, AND (IV) SCHEDULING FINAL HEARING**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "Committee") hereby files this Objection ("Objection") to Debtor's Emergency Motion for Final Order (I) Authorizing Debtor to Incur Post-Petition Debt Pursuant to Bankruptcy Code Section 364(c), (II) Approving use of Cash Collateral, (III) Granting Liens and Security Interests, and (IV) Scheduling Final Hearing ("DIP Motion"), and in support thereof, respectfully submits as follows:

**I.**
**BACKGROUND**

1.      On April 3, 2009 (the "Petition Date"), an involuntary petition (the "Involuntary Petition") was filed against BNP Petroleum Corporation (the "Debtor") in the United States Bankruptcy Court for the Southern District of Texas, Corpus Christi Division.

3.      On August 5, 2009, the Debtor filed a Consent to Entry of Order for Relief, consenting to an order for relief under Chapter 7 of the Bankruptcy Code.  The Debtor also filed a Motion to Convert its case under Chapter 11 of the Bankruptcy Code.

4.      On August 7, 2009, the Court entered an order for relief under Chapter 7 of the Bankruptcy Code.  The Court also entered an order granting the Motion to Convert.  This case is now pending as a Chapter 11 case.

6.      The Debtor filed the DIP Motion on August 5, 2009 (Doc. No. 99).  In the DIP Motion, the Debtor originally sought $1,000,000 from Blackgate Resources, LLC ("Blackgate"), which is also the proposed purchaser of the Debtor's assets.  In the Court's Interim Order, the Court authorized the initial DIP Loan in the amount of $650,000.  However, the amount authorized under the initial DIP Loan has not yet been funded.

7.      On August 18, 2009, the Office of the United States Trustee appointed an official committee, comprised of five creditors, to represent the interests of unsecured creditors of the Debtor pursuant to section 1102 of the Bankruptcy Code.

8.      The Committee and its counsel have diligently worked to familiarize itself with all matters and issues concerning this bankruptcy case.  The Committee and its counsel have spent its first week in this case reviewing pleadings and deposition transcripts, as well as attending the deposition of Mr. Wayne Bellman, of Blackgate.  Furthermore, counsel for the Committee has had extensive discussions and meetings with all parties involved in this core dispute, including Debtor's counsel, Paul Black, counsel for Toby Shor and Seashore, and a representative of Blackgate and its counsel.  Moreover, many of the members of the Committee have been involved in this matter for quite some time on an individual creditor basis.  After this extensive review of the case, for the reasons stated below, the Committee has concluded that the Debtor's DIP Motion should not be approved under the proposed terms and conditions.

## II.
## OBJECTION

9.      The Committee objects to the DIP Motion because, most importantly, the Committee believes the appointment of a Trustee to be in the best interest of all creditors.  If a trustee is appointed, it is the understanding of the Committee that the Blackgate DIP will go away and the DIP Motion will be moot.

10.      The Committee has significant concerns regarding various terms of the DIP Loan.  Specifically, the DIP Loan provides for a 75-day maturity date, which evidences the Debtor's intent to run the sale process through quickly, which benefits only Blackgate, rather than unsecured creditors in this case.  The maturity date of this DIP loan forces the Debtor to expeditiously sell its assets, which constrains its ability to sufficiently market such assets before a sale occurs.

11.      Furthermore, the DIP Motion grants explicit authority for Blackgate to credit bid its outstanding indebtedness in any purchase of the Debtor's assets.  *See* DIP Motion ¶ 22(b), (g). The DIP Loan also seeks to impose liens on the Debtor's prepetition and postpetition property. However, certain property is not owned by the Debtor and may in fact be encumbered and subject to the claims of other parties, such as Seashore.

12.      While the Committee does not object to the prospects of a DIP loan for the Debtor, the Committee does not believe that it should come with the restrictions that the Blackgate DIP loan comes with – most notably, the very short maturity date.

WHEREFORE, the Committee respectfully requests that this Court deny the Debtor's DIP Motion, and grant any such further relief as the Court deems just and proper.

Respectfully submitted this 31st day of August, 2009.

**OKIN ADAMS & KILMER LLP**

By:  */s/ Christopher Adams*
Christopher Adams
Texas Bar No. 24009857
Email:  cadams@oakllp.com
M. Renee Moxley
Texas Bar No. 24065799
Email: rmoxley@oakllp.com
1113 Vine St. Suite 201
Houston, TX 77002
Tel: (713) 228-4100
Fax: (888) 865-2118

**PROPOSED COUNSEL FOR THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS**

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2009 I served a copy of the foregoing via the Court's EM/ECF electronic system to all parties consenting to service through same, and to all parties on the attached service list by United States First Class Mail, postage prepaid.

*/s/  Christopher Adams*
Christopher Adams