**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **BNP PETROLEUM CORPORATION** | § | **CASE NO. 09-20206** |
| | § | |
| **Debtor.** | § | **Chapter 11** |

**OBJECTION AND PARTIAL JOINDER OF THE OFFICAL COMMITTEE OF UNSECURED CREDITORS IN THE OBJECTION OF SEASHORE INVESTMENT MANAGEMENT TRUST TO EXPEDITED MOTION OF THE DEBTOR FOR AN ORDER (A) APPROVING BIDDING PROCEDURES AND BID PROTECTIONS IN CONNECTION WITH THE SALE OF CERTAIN ASSETS; (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER APPROVAL OF THE SALE; (C) APPROVING NOTICE RELATING TO THE SALE; AND (D) GRANTING RELATED RELIEF**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "Committee") hereby files this Objection and Partial Joinder to the Objection of Seashore Investment Management Trust to Expedited Motion of the Debtor for an Order (A) Approving Bidding Procedures and Bid Protections in Connection with the Sale of Certain Assets; (B) Scheduling an Auction and Hearing to Consider Approval of the Sale; (C) Approving Notice Relating to the Sale; and (D) Granting Related Relief, and in support thereof, respectfully submits as follows:

## I. BACKGROUND

1. On April 3, 2009 (the "Petition Date"), an involuntary petition (the "Involuntary Petition") was filed against BNP Petroleum Corporation (the "Debtor") in the United States Bankruptcy Court for the Southern District of Texas, Corpus Christi Division.

3. On August 5, 2009, the Debtor filed a Consent to Entry of Order for Relief, consenting to an order for relief under Chapter 7 of the Bankruptcy Code. The Debtor also filed a Motion to Convert its case under Chapter 11 of the Bankruptcy Code.

4. On August 7, 2009, the Court entered an order for relief under Chapter 7 of the Bankruptcy Code. The Court also entered an order granting the Motion to Convert. This case is now pending as a Chapter 11 case.

5. On August 12, 2009, the Debtor filed an Expedited Motion for an Order (A) Approving Bidding Procedures and Bid Protections in Connection with the Sale of Certain Assets; (B) Scheduling an Auction and Hearing to Consider Approval of the Sale; (C) Approving Notice Relating to the Sale; and (D) Granting Related Relief (the "Bid Procedures Motion") (Doc. No. 156).

6. On August 28, 2009, Seashore Investment Management Trust ("Seashore") filed an Objection to the Bid Procedures Motion (the "Objection") (Doc. No. 230).

7. On August 18, 2009, the Office of the United States Trustee appointed an official committee, comprised of five creditors, to represent the interests of unsecured creditors of the Debtor pursuant to section 1102 of the Bankruptcy Code.

8. The Committee has diligently worked to familiarize itself with all matters and issues concerning this bankruptcy case. The Committee and its counsel have spent its first week in this case reviewing pleadings and deposition transcripts, as well as attending the deposition of Mr. Wayne Bellman, of Blackgate. Furthermore, the Committee has had extensive discussions and meetings with all parties involved in this core dispute, including Debtor's counsel, Paul Black, counsel for Toby Shor and Seashore, and a representative of Blackgate and its counsel. Moreover, many of the members of the Committee have been involved in this matter for quite

some time on an individual creditor basis. After this extensive review of the case, for the reasons stated below, the Committee believes that the Bid Procedures Motion should be denied.

## II.
## INTRODUCTORY STATEMENT

9. This case arises out of litigation between two parties, Paul Black and Toby Shor. This is not to suggest that this case is merely a two-party dispute – it is not. Unfortunately, the litigation between Black and Shor has caused hundreds of creditors to be left unpaid for millions of dollars.

10. Paul Black asserts that Toby Shor has caused the Debtor to find itself in this unfortunate situation and that Shor should be held accountable for destroying the Debtor's business. Not surprisingly, Toby Shor asserts that Paul Black is to blame and that Black likely has stolen or hidden assets that should be paid to unsecured creditors.

11. By filing a partial joinder to Seashore's Objection to the Bid Procedure Motion, the Committee is not taking sides with Toby Shor in the underlying litigation. The Committee has made an independent decision that the proposed bid procedures are not in the best interest of the estate and that a Trustee should be appointed to take control of this process for the benefit of unsecured creditors. Moreover, even if the Court does not appoint a chapter 11 trustee, the Bid Procedures Motion should be denied for the reasons stated herein.

## III.
## OBJECTION

12. The Committee hereby incorporates by reference Sections IIC-F of Seashore's Objection to the Bid Procedures Motion.

13. Furthermore, the Committee objects to the Bid Procedures Motion because, most importantly, the Committee believes the appointment of a Trustee to be in the best interest of all creditors in this case. If a trustee is appointed, it is the understanding of the Committee that the

Blackgate deal will go away. Thus, if this Court appoints a trustee the Bid Procedures Motion will be moot.

14. However, even if this Court denies the motion to appoint a trustee, the Committee objects to the proposed bid procedures for the reasons articulated in Sections IIC-F of Seashore's Objection to the Bid Procedures Motion.

WHEREFORE, the Committee respectfully requests that this Court deny the Bid Procedures Motion, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 31st day of August, 2009.

**OKIN ADAMS & KILMER LLP**

By: _/s/ Christopher Adams_ ______________
Christopher Adams
Texas Bar No. 24009857
Email: cadams@oakllp.com
M. Renee Moxley
Texas Bar No. 24065799
Email: rmoxley@oakllp.com
1113 Vine St. Suite 201
Houston, TX 77002
Tel: (713) 228-4100
Fax: (888) 865-2118

**PROPOSED COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2009 I served a copy of the foregoing via the Court's EM/ECF electronic system to all parties consenting to service through same, and to all parties on the attached service list by United States First Class Mail, postage prepaid.

_/s/ Christopher Adams_ __________
Christopher Adams