IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 09-20206 |
| BNP PETROLEUM CORPORATION, | § | |
| | § | Chapter 11 |
| DEBTOR. | § | |

**OBJECTION OF SMITH INTERNATIONAL, INC., TO
DEBTOR'S EXPEDITED MOTION FOR AN ORDER APPROVING THE SALE OF
ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES AND THE
ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND
UNEXPIRED LEASES**
[Related Docket No. 158]

**TO THE HONORABLE RICHARD S. SCHMIDT,
UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW, **SMITH INTERNATIONAL, INC.**, ("Smith"), a mineral lien creditor and party-in-interest, and files this objections to Debtor's Expedited Motion for an Order Approving the Sale of Assets Free and Clear of Liens, Claims, and Encumbrances and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases [Docket No. 158] ("Expedited Motion"), and in support thereof would respectfully show the Court as follows:

**SUMMARY OF RELIEF REQUESTED**

1.  Debtor's Expedited Motion for Sale of Assets (as defined in Debtor's Expedited Motion) fails to satisfy the conditions required under 11 U.S.C. §363(f). Smith claims a valid and properly perfected lien against the Assets. Pursuant to 11 U.S.C. §363(f)(2), Smith does not consent to the sale of Assets. Therefore, Smith requests this Court to deny Debtor's Expedited Motion or condition approval of any sale of Assets upon Smith's lien, including interest and attorney fees, being paid in full at closing of the sale of Assets.

**BACKGROUND**

2. Smith has a secured claim in the amount of $15,518.21, plus contractual interest and attorney fees, representing unpaid amounts due and owing on the Debtor's trade account with Smith. The claim is secured by a mineral lien claim upon the State Tract 991 Well No. 1 and associated leases, property and rights, (being a part of the Assets) filed for record on July 8, 2009, under Clerk's File No. 279907, Volume 415, Page 325 of the Records of Kleberg County, Texas, and under Clerk's File No. 9637, Volume 48, Page 558 of the Official Records of Kenedy County, Texas. Said lien claim names, amongst others, Debtor and BNP Oil & Gas Properties, Ltd., called BNP below, as owners of the property secured. A copy of the lien claim is attached hereto as Exhibit "A" and is incorporated herein by reference.

**OBJECTION**

3. 11 U.S.C. §363(f) provides that Debtor may sell property free and clear of any interest in such property of an entity other that the estate, only if: (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. None of the foregoing conditions are satisfied in Debtor's Expedited Motion.

4. Smith has a valid and properly perfected lien claim against the Assets. Smith does not consent to the sale of said Assets unless upon closing of the sale of Assets, Smith's lien, including interest and attorney fees, is paid in full.

5. Debtor claims that proposed sales price for the Assets is much greater than the value of any claimed interests. Pursuant to the proposed PSA (as defined in Debtor's Expedited Motion)

there will be two transfers of the Assets which are subject to Smith's lien claim free and clear of any interest. The first transfer from BNP (as defined in the PSA) to Debtor, called the BNP Predicate Transactions in the PSA, provides for BNP to assume the Frost Bank Indebtedness (as defined in the PSA) in exchange for Debtor cancelling all or a portion of the BNP Accounts Payable (as defined in the PSA). Under the second transfer from Debtor to Buyer (as defined in the PSA), the sales price is only $500,000 cash, plus cash in the additional amounts of severance and property tax claims, unpaid royalty claims, and credits towards the Frost Bank Indebtedness and all Debtor's indebtedness outstanding under the DIP facility. The PSA does not provide for payment, in any manner, of valid and properly perfected liens in either transfer of Assets. Smith's lien claim, even though filed prior to Debtor's Schedules, does not appear as a secured creditor on Debtor's Schedule D [Docket No. 145]. Because of Debtor's failure to include provisions for paying valid and properly perfected lien claims, including Smith's lien claim, and Debtor's failure to properly identify secured creditors (thereby making it impossible to know whether other creditors claiming liens against the Assets actually exist), it is impossible to determine whether the sales price exceeds the amount claimed by all lien claimants.

## CONCLUSION

FOR THESE REASONS, **SMITH INTERNATIONAL, INC.**, requests the Court to enter an order denying Debtor's Expedited Motion or condition approval of any sale of Assets upon Smith's lien, including interest and attorney fees, being paid in full at closing of the sale of Assets, and granting such other and further relief to which Smith is justly entitled.

DATED August 31, 2009.

> Respectfully submitted,
>
> DORÉ & ASSOCIATES, ATTORNEYS, P.C.
> 17171 Park Row, Suite 350
> Houston, Texas 77084
> (281) 829-1555
> (281) 829-1579 Fax
>
> By:    /s/ Carl Doré, Jr.
>       Carl Doré, Jr.
>       Texas Bar No. 06000600
>       Federal Bar No. 12070
>       Email: carldore@doreassociates.com
> Attorney for Smith International, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2009, a true and correct copy of the foregoing Objection and attached exhibit, was served by Email on all parties who receive notice electronically pursuant to the Local Rules, and to the following named parties via Certified Mail, Return Receipt Requested:

| | |
|---|---|
| Marci E. Kurtz | Christopher Adams |
| Chris Tillmanns | Michelle Renee Moxley |
| BRACEWELL & GIULIANI, LP | OKIN ADAMS & KILMER, LLP |
| 711 Louisiana Street, Suite 2300 | 1113 Vine Street, Suite 201 |
| Houston, Texas 77002 | Houston, Texas 77002 |
| *Attorneys for Debtor* | *Attorneys for Official Committee of Unsecured Creditors* |

Christine A. March
OFFICE OF THE UNITED STATES TRUSTEE
515 Rusk Street, Suite 3516
Houston, Texas 77002
*U.S. Trustee*

> By:    /s/ Kevin M. Koel
>       Kevin M. Koel

Z:\Docs\CARL\A LIEN CHART 2008\BANKRUPTCY\BNP\Objection to Motion to Sell1.wpd