# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO: 09-20206-RSS |
| | ) | |
| | ) | Corpus Christi, Texas |
| BNP PETROLEUM CORPORATION | ) | |
| AND | ) | Tuesday, September 1, 2009 |
| OFFICIAL COMMITTEE | ) | |
| OF UNSECURED CREDITORS, | ) | (2:41 p.m. to 2:59 p.m.) |
| | ) | (3:12 p.m. to 3:13 p.m.) |
| Debtors. | ) | (3:28 p.m. to 3:38 p.m.) |

** PARTIAL TRANSCRIPT **

MOTION HEARING RE: DOCUMENT 99, 140, 156, 184 AND 185

BEFORE THE HONORABLE RICHARD S. SCHMIDT,
UNITED STATES BANKRUPTCY JUDGE

| | |
|---|---|
| Appearances: | See next page |
| Courtroom Deputy: | Frenchie Carbia |
| Court Recorder: | Angel Mireles |
| Transcribed by: | Exceptional Reporting Services, Inc.<br>14493 S. Padre Island Drive<br>Suite A-400<br>Corpus Christi, TX 78418-5940<br>361 949-2988 |

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

COURTROOM APPEARANCES FOR:

| | |
|---|---|
| BNP Oil and Gas Properties, Ltd.: | SHELBY A. JORDAN, ESQ.<br>Jordan Hyden Womble & Culbreth<br>500 N. Shoreline<br>Suite 900-N<br>Corpus Christi, TX 78471 |
| BNP Petroleum Corp.: | MARCY E. KURTZ, ESQ.<br>CHRISTOPHER SHANNON TILLMANNS, ESQ.<br>Bracewell & Giuliani, LLP<br>711 Louisiana<br>Suite 2300<br>Houston, TX 77002 |
| Raptor Capital Int'l: | JOHN HIGGINS, ESQ.<br>ANY KATHLEEN WOLFSHOHL, ESQ.<br>Porter & Hedges<br>1000 Main Street<br>36th Floor<br>Houston, TX 77002 |
| Seashore Investment Management Trust: | HENRY J. KAIM, ESQ.<br>King & Spalding<br>1100 Louisiana<br>Suite 4000<br>Houston, TX 77002 |
| Forbes Energy Service: | RONALD A. SIMANK, ESQ.<br>Schauer & Simank<br>615 Upper N. Broadway<br>Suite 2000<br>Corpus Christi, TX 78477 |
| Official Committee of Unsecured Creditors: | CHRISTOPHER ADAMS, ESQ.<br>Okin Adams & Kilmer, LLP<br>1113 Vine Street<br>Suite 201<br>Houston, TX 77002 |
| Exterran Energy Solutions, LP.: | KEVIN M. MARAIST, ESQ.<br>Anderson Lehrman, et al.<br>1001 Third Street<br>Suite 1<br>Corpus Christi, TX 78404 |

COURTROOM APPEARANCES FOR: (CONTINUED)

| | |
|---|---|
| H. Tony Hauglum: | PATRICIA REED CONSTANT, ESQ.<br>Attorney & Mediator<br>800 N. Shoreline<br>Suite 320-S<br>Corpus Christi, TX 78401 |
| Also present: | PAUL BLACK, ESQ.<br>WILLIAM GUTERMUTH, ESQ.<br>AUGUSTIN RIVERA, ESQ.<br>HECTOR CANALES, ESQ.<br>JOE ALEXANDER, ESQ.<br>EDWARD RIPLEY, ESQ.<br>WAYNE BELLMIN, ESQ.<br>JOHN BLACK, ESQ.<br>JEFF SPILKER, ACCOUNTANT |

TELEPHONIC APPEARANCES FOR:

| | |
|---|---|
| State of Texas: | ASHLEY F. BARTRAM, ESQ.<br>Attorney General's Office |
| Vantage Tubulars: | ALAN S. GERGER, ESQ.<br>Dunn Neal & Gerger |
| Kleberg County: | DIANE SANDERS, ESQ.<br>Linebarger Goggan, et al. |
| Wood Group Logging Services: | KEVIN M. KOEL, ESQ.<br>Dore & Associates |

**THE COURT:** No problem.

**MR. KAIM:** Your Honor, we may have an interim -- it is a brief interim solution to allow the parties to talk.

**THE COURT:** Okay.

**MR. KAIM:** And basically --

**THE COURT:** Where is Ms. Kurtz? Is she still talking to somebody or -- we probably should wait for her.

**MR. KAIM:** I'm sorry. I did not realize she was not here. May we have a few minutes, your Honor?

**THE COURT:** Sure.

**MR. KAIM:** There are other parties that I need to confer with.

**THE COURT:** Sure. Go right ahead.

**MR. KAIM:** I think it might help.

**THE COURT:** Do you want me to leave? Is that what you're trying --

**MR. KAIM:** No, we'll leave. We'll leave.

**THE COURT:** I don't mind leaving. I'll come back.

**MR. KAIM:** It may make it a shorter day for you.

**THE COURT:** Okay.

**(Recess taken from 3:13 p.m. to 3:26 p.m.)**

**THE COURT:** Be seated.

**MR. KAIM:** Your Honor, I think we have an interim agreement that will no longer require Court time this afternoon, and --

**THE COURT:** Okay.

**MR. KAIM:** -- I'd like to announce it, and people can correct me if I don't --

**THE COURT:** Okay. Let's hear what it says.

**MR. KAIM:** Very simple. Number one, these proceedings will stop today. My client will negotiate with the debtor and with the proposed buyer, Blackgate, in good faith through Friday. If we don't reach an agreement by Friday, BNP Petroleum will convert to a 7. And during the time that we're negotiating through Friday, BNP will not undertake any transactions, transfers.

**MS. KURTZ:** Your -- I want to be really careful about that. We haven't agreed -- we have an order that we entered into, your Honor. A motion for relief from stay was filed by Exterran early on in the case. There was an initial payment already made to them pursuant to that agreed order. There's another one due September 1st or 2nd in the amount of $16,000, plus or minus some hundreds.

**THE COURT:** They're going to make that payment.

**MS. KURTZ:** So we have to make that for sure.

**THE COURT:** Okay.

**MS. KURTZ:** I don't know if payroll runs. Mr. Black --

**MR. KAIM:** I'm talking about transfers of properties.

**MS. KURTZ:** Oh, okay. Because there are just very

small bills that --

**THE COURT:** Okay. You're going to make any payments out of the ordinary or --

**MS. KURTZ:** No.

**THE COURT:** -- that haven't been sanctioned by that lift-stay order.

**MS. KURTZ:** Not by some order already before the Court, your Honor.

**THE COURT:** There's what?

**MS. KURTZ:** There -- we're not anticipating making any payments that have not already been --

**THE COURT:** Okay.

**MS. KURTZ:** -- like, the payroll --

**THE COURT:** Sounds fine.

**MS. KURTZ:** -- and the Exterran. Did I miss something?

**MR. JORDAN:** Well, the only thing I'm -- maybe I was needing clarification on, I heard Mr. Kaim say that somehow, he's in control of whether we convert or not. If we don't do a deal with him, we convert. I -- what I understood was, if we don't come back to Court on Friday with deals with the committees and all the creditors, hopefully, Mr. Kaim, but I -- that would probably be the last one to do it, then we're going to convert the case. So we're not going to continue to argue, but if it's just Henry's client, I didn't hear that we were

going to -- that we were definitely converting if you're the only holdout.

**MR. KAIM:** That was the deal.

**MR. JORDAN:** If it is, it is. I just wanted clarification.

**THE COURT:** Okay.

**MR. JORDAN:** So just to be clear, Mr. Kaim can control whether or not we convert the case. I was --

**MR. KAIM:** This is your proposal. This was your proposal, which I have accepted.

**MR. JORDAN:** I want it clear that that's the deal.

**THE COURT:** Okay.

**MR. HIGGINS:** Your Honor, two other points. One is, I've agreed on behalf of the buyer to not terminate the purchase and sale agreement between now and that Friday deadline.

**THE COURT:** Okay.

**MR. HIGGINS:** Secondly, that we will -- that everybody has no problem if you go ahead and acknowledge --

**THE COURT:** Do you have an interest in being the stalking horse buyer for 100 percent of the BNP Oil and Gas Properties Limited --

**MR. HIGGINS:** We have an --

**THE COURT:** -- rather than 55 percent?

**MR. HIGGINS:** We have an interest, your Honor, but I

-- as I said earlier, there's other assets that we wanted to buy as part of this package.

**THE COURT:** I'm not -- there are other assets --

**MR. HIGGINS:** Yes, we have --

**THE COURT:** -- too, but are -- do you have an interest in increasing this to 100 percent --

**MR. HIGGINS:** We do.

**THE COURT:** -- rather than 55?

**MR. HIGGINS:** We do. And it's very possible that he has an interest in that same thing.

**MR. KAIM:** It's very possible.

**THE COURT:** I mean, I -- we -- if it's done pursuant to a bid procedure and it's done so that there are protections and people can bid in and there's a reasonable notice and all that sort of stuff -- now, I don't know about what you all are interested in, but to the extent -- I mean, aren't you probably interested in it being monetized, also, if it's done correctly?

**MR. ALEXANDER:** Absolutely, your Honor. We just want to make sure that we're part of all this because --

**MR. SPEAKER:** And they are.

**MR. ALEXANDER:** -- I still haven't heard the trust's name come up through this.

**THE COURT:** Okay. Well --

**MR. ALEXANDER:** I just wanted to make sure that we are a part of it.

**THE COURT:** -- if they didn't want you to be part of this, they wouldn't have filed in Corpus.

**MR. KAIM:** They -- let me make it clear. I may have inadvertently left them out. I did not mean to exclude you.

**THE COURT:** There's no way that you're not going to get to be part of this. I mean, I don't know what your claims are, but you're always going to be part of it. I mean, you're -- we're going to hear from you all when we have a chance to, and --

**MR. HIGGINS:** Your Honor --

**THE COURT:** -- we'll move on down the road. I don't know what claims you have as to this. Everybody's got different theories on all that.

**MR. HIGGINS:** And we also --

**THE COURT:** Nothing's been decided.

**MR. HIGGINS:** We also agreed, your Honor, that the post-petition financing order would remain in effect until Friday. We're not going to advance any new monies, but there's cash file --

**THE COURT:** Okay.

**MR. HIGGINS:** -- protections, et cetera, in the order.

**THE COURT:** All right.

**MR. KAIM:** The DIP order may remain in effect with the stipulation no further advances.

**THE COURT:** No further advance. Okay.

**MS. KURTZ:** Your Honor, do we need an actual time to come back to make some announcement before the Court? I don't --

**THE COURT:** When --

**MS. KURTZ:** I was --

**THE COURT:** Okay. Well, I'm -- actually, if we're going to have an announcement, like, on Monday, Friday, I mean, I'm out of town until Tuesday.

**MS. KURTZ:** On Friday --

**THE COURT:** So --

**MS. KURTZ:** You're out of town on Friday, as well?

**THE COURT:** I'm out of town on Friday. Monday's a holiday, isn't it? I come back on Tuesday and go to the valley. I come back on Thursday. So the first available day in Corpus is Thursday afternoon. But I mean, you can make an announcement -- well, Friday afternoon, I've got a wedding that I've got to attend, so it's possible that you could make an announcement Friday afternoon and I could be on the telephone.

**MS. KURTZ:** All right, your Honor. I just wanted to understand the Court's flexibility. I don't know that anybody --

**THE COURT:** I'll be flexible.

**MS. KURTZ:** If we convert, if the debtor converts its case to a Chapter 7, we don't need any time before the Court at

all.

**THE COURT:** Right.

**MS. KURTZ:** If we reach some kind of agreement that --

**THE COURT:** And you want to announce it on the record, then we'll find a way to do that --

**MS. KURTZ:** My -- thank you.

**THE COURT:** -- so that it can be done on the record.

**MS. KURTZ:** My concern would be --

**THE COURT:** Did everybody understand that back there?

**MS. KURTZ:** I'm going to tell them again, but my --

**THE COURT:** Time and --

**MR. RIPLEY:** Yes.

**MS. KURTZ:** -- my concern would be --

**THE COURT:** Okay. Ripley's got it, but the trust -- Augie, did you just hear the -- I mean, Mr. Rivera, did you just hear the announcement?

**MR. RIVERA:** No, your Honor. I did not.

**THE COURT:** Okay. Well, the -- here's the thing. If you make some sort of a deal, then you've got to find me in order to get it announced on the record. I'll be in California on Thursday, Friday, Saturday, Sunday, and Monday, coming back Tuesday. In the air on Thursday and in the air on Tuesday. If you make a deal on Friday, that would be the best time to announce it. It'll just be that I'll be on the telephone. So

we'll have a hearing, and you can announce it. All of you can be on the telephone. I don't care, but I would like -- if you have some sort of a deal, I would like it announced immediately on the record.

**MS. KURTZ:** Thank you, your Honor, because I can't imagine, even if we were able to reach an agreement, that we could document something. And so to put it on the record would be --

**THE COURT:** No, I want it announced on the record immediately. And of course, any deal that you come in, you've got to have the creditors' committee involved, too.

**MS. KURTZ:** Of course. When I -- I'm globally pointing to everybody in the room on my right-hand side.

**THE COURT:** Okay.

**MR. RIVERA:** Your Honor? Your Honor.

**THE COURT:** Yes, sir.

**MR. RIVERA:** It's been a long day, and I know that the parties have made great headway to kind of get this resolved. I think there may have been a disconnect.

**THE COURT:** Okay. On what?

**MR. RIVERA:** I'm not sure. That's why there's a disconnect. And so we want to make sure --

**THE COURT:** What's that?

**MR. RIVERA:** -- on behalf of the children's trust, that we are absolutely clear on what's being agreed to by the

parties. I -- so --

**THE COURT:** Okay. What's the disconnect?

**MR. KAIM:** Seashore has no problem with the children's trust being at the negotiating table. However, I may have misunderstood. BNP may have a problem with the children's trust being at the negotiating table.

**MS. KURTZ:** Your Honor, anybody can show up at a negotiating table. We just have to talk to see if there is some way to resolve --

**THE COURT:** Yeah. So --

**MS. KURTZ:** -- all of the various objections --

**THE COURT:** That's no --

**MS. KURTZ:** -- to monetizing the assets.

**THE COURT:** There's nobody that's outside the negotiations.

**MS. KURTZ:** Right.

**MR. CANALES:** And I just want to make clear, Judge, because -- that we are going to be provided an opportunity to be present at all and any negotiations and have the say-so or at least be able to listen and be part of what's going on here, that things aren't going to take place --

**THE COURT:** Well, if you -- if they don't have a deal with you, there --

**MS. KURTZ:** Yeah.

**THE COURT:** -- there's no deal, so --

**MS. KURTZ:** Your Honor -- wait, wait. Your Honor, I still represent the debtors here. Can I just like --

**THE COURT:** Sure.

**MS. KURTZ:** -- try to --

**THE COURT:** Sure.

**MS. KURTZ:** -- coordinate a little bit here. It would be very helpful if each of the constituencies would have one or two --

**THE COURT:** Well, okay.

**MS. KURTZ:** -- people.

**THE COURT:** Well, the deal --

**MS. KURTZ:** And that's number one.

**THE COURT:** Okay.

**MS. KURTZ:** And then, number two, I am happy to include everybody who wants to listen and participate in discussion, the Black Family Children's Trust and the Black Family -- and the Independent Family Trust included. On the other hand, they are a limited partner in an entity here. That doesn't necessarily mean they get a vote on something. I -- the goal between now and Friday would be to try to get everybody happy. But I am more interested in getting people happy who have the right to -- or some arguable right to an asset or a claim. And I understand --

**THE COURT:** Okay. Well --

**MS. KURTZ:** -- their position, but they're a limited

partner. And if this --

**THE COURT:** Okay. Well, an overall settlement of this is probably going to have to include them, but why don't we --

**MS. KURTZ:** Right.

**THE COURT:** -- have the people in Houston negotiate this. I mean, if Mr. Jordan wants to come too, that's fine, but -- everybody's got a Houston lawyer here. Everybody's got a Houston lawyer, so go negotiate in Houston. You've got Midoff's (phonetic) firm, so --

**MS. KURTZ:** Right.

**THE COURT:** -- everybody get together at -- wherever at Bracewell & Giuliani or somewhere. They have the best -- I don't know, but I hear they have the best food.

**MR. KAIM:** They have great --

**THE COURT:** Okay. So get together and work this thing out. If it doesn't work out, then we're going to have to -- we're going to know about it, and there's going to be further hearings.

**MR. KAIM:** No, your Honor. If we can -- the deal is, as I said before, if there's no deal, it's going to a 7.

**THE COURT:** Okay.

**MS. KURTZ:** Your Honor --

**THE COURT:** That doesn't mean there aren't going to be further hearings. There are going to be lots of further

hearings because this isn't going to stop with them converting to a 7.

**MR. KAIM:** No, it's not.

**THE COURT:** That doesn't solve the problem.

**MR. KAIM:** It does not.

**MS. KURTZ:** It'd make it --

**THE COURT:** It might even complicate it, so --

**MS. KURTZ:** Someone on the phone --

**THE COURT:** All right.

**MS. KURTZ:** -- wants your attention, your Honor.

**THE COURT:** Somebody on the phone wanted to say something.

**MS. MARCH:** Yes, your Honor. Christine March with the U.S. Trustee's Office.

**THE COURT:** The U.S. Trustee's on the phone now. Okay. Christine, what's up?

**MS. MARCH:** Actually, I've been on the phone the whole time, your Honor.

**THE COURT:** You just didn't answer when I called your name this morning.

**MS. MARCH:** Oh, I apologize.

**THE COURT:** That's all right.

**MS. MARCH:** The creditors meeting is scheduled for Tuesday of this coming week.

**THE COURT:** Right.

**MS. MARCH:** If there's a deal and they wish to convert the case, I'd ask that someone make sure that they let me know, so I know whether or not we're still conducting the --

**THE COURT:** Okay. So any deal is conveyed to Ms. March. All right?

**MR. KAIM:** Thank you, your Honor.

**MS. KURTZ:** Thank you.

**MS. MARCH:** Thank you, your Honor.

**THE COURT:** Thank you.

**MR. SPEAKER:** Thank you, Judge.

**THE COURT:** Everybody's excused.

**MR. JORDAN:** Thank you, Judge.

**THE CLERK:** All rise.

**(Proceeding was adjourned at 3:38 p.m.)**

CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

Signed

September 5, 2009

Dated

*TONI HUDSON, TRANSCRIBER*